IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RMV ENTERPRISES, LLC, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 1:12cv0335 (GBL/JFA)
)
KSOFTWARE.COM )
an Internet Domain Name, *et al.*, )
)
    Defendants. )
)

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 14). In this *in rem* action involving the domain name <ksoftware.com> (the "Domain Name"), the plaintiff RMV Enterprises, LLC d/b/a K Software ("RMV") seeks a default judgment and an order directing the registry to change the registrar of record for the Domain Name to GoDaddy, Inc. and ordering GoDaddy, Inc. to then register the Domain Name in an account controlled by RMV.[1] Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On March 26, 2012, RMV filed its complaint for cybersquatting ("complaint") pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). (Docket no. 1). On May 14, 2012, RMV published notice of this action in *The Washington Times* directing that an answer, claim, or other response to the complaint be filed with the clerk within

---

[1] Though RMV's complaint names an individual defendant, John Doe I, RMV does not seek entry of default against that party in its motion for default judgment.

21 days of the date the notice was published. (Docket no. 10 at Ex. A). On July 10, 2012, RMV sent a copy of the complaint to the e-mail addresses and postal address shown in the WHOIS record for the registrant of the Domain Name.[2] (Docket no. 12).

Other than the claim made by RMV, no response, claim, or other pleading has been filed asserting any rights in the Domain Name. On July 5, 2012, RMV filed a request for entry of default along with a supporting affidavit indicating that no answer, response, or other claim to the Domain Name had been filed with the Clerk and that more than 21 days had passed since the notice had been published in *The Washington Times*. (Docket nos. 9, 10). On July 13, 2012, the Clerk entered a default as to the Domain Name. (Docket no. 13). On August 2, 2012, RMV filed its motion for default judgment and a memorandum in support, and on August 10, 2012, it filed a notice of hearing for August 24, 2012. (Docket nos. 14, 15, 17). Also on August 10, 2012, RMV's counsel filed a Certificate of Service indicating that these pleadings were sent to the registrant of the Domain Name by U.S. Mail, postage prepaid and e-mail. (Docket no. 18). On August 24, 2012, counsel for RMV appeared at the hearing on the motion for default judgment before the undersigned magistrate judge and no claimant appeared on behalf of the Domain Name.

## **Factual Background**

The following facts are established by the complaint[3] (Docket no. 1) and the memorandum in support of the motion for default judgment (Docket no. 15). RMV is a

---

[2] On August 24, 2012, RMV's counsel filed a declaration attaching copies of the WHOIS information for the Domain Name showing that eNominee Privacy Protection Service is listed as the registrant for the Domain Name, that there is no other publicly available information concerning the actual person or entity who requested the registration of the Domain Name through eNominee Privacy Protection Service, and that the complaint in this case was sent by mail and e-mail to the address provided by the registrant to the registrar as shown in the WHOIS information. (Docket no. 21).

[3] Citations to the complaint are noted as "Compl. ¶ _".

Kentucky limited liability company. (Compl. ¶¶ 1, 10, Ex. A). At the time the complaint was filed, the Domain Name was allegedly registered to an individual residing in Hong Kong. (Compl. ¶¶ 4, 21).

RMV is the owner of the common law trademark K SOFTWARE, which it has been using online, in print media, and in connection with the sale of software applications for nearly 10 years. (Compl. ¶¶ 9,[4] 11, 14, 17, Exs. B, C, D, E). RMV began experiencing commercial success in 2004; now offers services across the United States and in foreign markets; has generated millions of dollars in revenue; and employs several individuals. (Compl. ¶¶ 13, 14).

RMV has spent hundreds of thousands of dollars to establish and promote its K SOFTWARE mark and the products and services associated with that mark through print and radio advertisement, on television, on the Internet, and through the registration of the domain name <ksoftware.net>. (Compl. ¶¶ 15, 18, 23, Ex. F). RMV has also invested many hours building goodwill in the K SOFTWARE mark. (Compl. ¶ 15). Consequently, individuals and businesses have come to recognize the K SOFTWARE mark as distinctive. (Compl. ¶ 16).

The registry for the Domain Name is VeriSign, Inc. located in this judicial district. (Compl. ¶ 2). The Domain Name includes RMV's K SOFTWARE mark in its entirety. (Compl. ¶ 25). Because of this, RMV claims that the Domain Name is confusingly similar to the K SOFTWARE mark and that it has suffered damages as a result, including lost revenue, diversion of company resources, dilution of the mark, and costs incurred in mitigating the confusion caused by the Domain Name. (Compl. ¶¶ 25, 27). The Domain Name has been used passively since its registration and presently resolves to a "landing page" with information regarding a sale offer in English. (Compl. ¶ 24, Docket no. 15 at 2).

---

[4] This citation is to the second of two paragraphs in the complaint numbered "9," under the heading "II. Preliminary Statement."

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." No one has filed a responsive pleading or claim to the Domain Name in a timely manner.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F.Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. RMV's only claim arises under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The court has *in rem* jurisdiction over the Domain Name under 15 U.S.C. § 1125(d)(2). The first required element for *in rem* jurisdiction over a domain name exists where the "domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section." 15 U.S.C. § 1125(d)(2)(A)(i). Section (a) of 15 U.S.C. § 1125 "generally has been construed to protect against trademark, service mark,

and trade name infringement even though the mark or name has not been federally registered." *Int'l Bancorp, LLC, et al. v. Societe des Baines de Mer et du Cercle des Etrangers a Monaco*, 192 F.Supp. 2d 467, 479 (E.D. Va. 2002) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)). RMV claims that K SOFTWARE is a common law trademark and also claims that its rights in that mark are being violated by the registration and use of the Domain Name.

The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Given that the current registrant of the Domain Name may reside in Hong Kong and does not appear to have any ongoing business activities in the United States, RMV has established that it is unable to obtain personal jurisdiction over the registrant of the Domain Name.

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign, Inc., which has offices within this district and division, is the exclusive registry controlling the top-level domain <.com>, including the Domain Name.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant Domain Name, and that venue is proper in this court.

### Service

On May 14, 2012, RMV published notice of this action in *The Washington Times*. (Docket no. 10, Ex. A). As set forth in the notice of action, any person claiming an interest in the Domain Name was required to file an answer or other response to the complaint within 21 days from the date of the publication of the notice in *The Washington Times*. *Id.* On July 10, 2012, counsel for RMV sent a copy of the complaint to the registrant for the Domain Name at the e-mail and postal address provided to the registrar. (Docket no. 12).

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). RMV has complied with these provisions. For these reasons the undersigned recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), "[a] defendant must serve an answer . . . within 21 days after being served." Under the ACPA, service is accomplished by publishing notice of the action and sending notice of the action to the registrant. As service was completed on July 10, 2012, anyone asserting a claim to the defendant Domain Name was required to file an answer or response with the Clerk by July 31, 2012. No responsive pleading or claim was filed by anyone claiming ownership to the Domain Name. The motion for default judgment, memorandum in support, and the notice of hearing for August 24, 2012 were filed on August 2 and 10, 2012. (Docket nos. 14, 15, 17). Copies of those pleadings were sent to the registrant by mail and e-mail on August 10, 2012. (Docket no. 18).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant Domain Name in a timely manner, and the defendant Domain Name is in default.

### Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the complaint is for the court to order the registry to change the registrar of record to GoDaddy, Inc. The notice that was published pursuant to the ACPA provided that one of the remedies available under the ACPA was the transfer of the Domain Name to the plaintiff in this action. (Docket no. 10 at Ex. A).

## ACPA Claim

To state a claim under the ACPA, RMV must prove that the Domain Name and/or the registrant registered, trafficked in, or used the Domain Name with a bad faith intent to profit and that the Domain Name is either identical or confusingly similar to a distinctive mark owned by RMV, or, upon a finding that a mark owned by RMV is famous, that the Domain Name is identical or confusingly similar to, or dilutive of, RMV's famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). "At common law, trademark ownership is acquired by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). Further, secondary meaning is typically found where there are extensive advertising expenditures, sales successes, attempts to plagiarize a mark, and where a mark has

7

been used exclusively for an extended period of time. *See, e.g., Perini Corp. v. Perini Constr. Inc.*, 915 F.2d 121, 125 (4th Cir. 1990).

Here, RMV states that it has used the K SOFTWARE mark in connection with its products and services for many years. (Compl. ¶¶ 11, 14, 17). RMV has also expended considerable resources in establishing and promoting the K SOFTWARE mark and its associated products and services. (Compl. ¶¶ 15, 18). For these reasons the undersigned recommends a finding that RMV has common law trademark rights in the K SOFTWARE mark, that the mark has acquired secondary meaning, and that the mark is at least distinctive.

The next consideration is whether the Domain Name is identical or confusingly similar to the K SOFTWARE mark. Based on the uncontested allegations in the complaint, the undersigned magistrate judge recommends a finding that the Domain Name is confusingly similar to the K SOFTWARE mark. The registration and use of the Domain Name is likely to cause confusion among the public, including RMV's customers, because the "dominant or salient portions" of the Domain Name and RMV's mark are identical. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). In fact, the Domain Name in this case includes the KSOFTWARE mark in its entirety.

Having recommended a finding that the K SOFTWARE mark is distinctive and that the Domain Name is confusingly similar to the K SOFTWARE mark, the remaining question is whether the Domain Name was registered or used with bad faith intent to profit. For at least the following reasons, the undersigned recommends a finding that the Domain Name was registered and used with the bad faith intent to profit from the K SOFTWARE mark:

1. The K SOFTWARE mark, which is included in its entirety in the Domain Name, is distinctive within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(IX);

2. The registrant does not have any valid trademark or intellectual property rights in the KSOFTWARE mark or the Domain Name within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I). (Compl. ¶ 32; Docket no. 15 at 3);

3. The Domain Name does not consist of the registrant's legal name, nor does it in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

4 The registrant has not used the Domain Name in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) since the registrant does not have any rights to use the K SOFTWARE mark. (Compl. ¶¶ 24, 32; Docket no. 15 at 2);

5. The registrant has not used the Domain Name for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV); and

6. The registrant's intent in obtaining the registration for the Domain Name and using the Domain Name was to divert RMV's customers and to profit from the goodwill of the K SOFTWARE mark, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V). (Compl. ¶ 30; Docket no. 15 at 3).

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under § 1125(d)(2)'s *in rem* provision"). For these reasons, the undersigned magistrate judge recommends a finding that the registrant's actions have violated the ACPA, and that an order be entered requiring VeriSign, Inc. to change the registrar for the <ksoftware.com> domain name to GoDaddy, Inc., the registrar designated by RMV in its motion for default judgment, and

requiring GoDaddy, Inc. to register the <ksoftware.com> domain name in the name of RMV Enterprises, LLC.

## CONCLUSION

For the reasons discussed above, the undersigned recommends that a judgment be entered in favor of RMV Enterprises, LLC on its claim under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and that the registry VeriSign, Inc. be ordered to transfer the registration for the Domain Name to GoDaddy, Inc., the registrar designated by RMV in its motion for default judgment, so that GoDaddy, Inc. may register the <ksoftware.com> domain name in the name of RMV Enterprises, LLC.

## NOTICE TO PARTIES

Failure to file written objections to these proposed findings of fact and recommendations within 14 days after being served with a copy of these proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of these proposed findings and recommendations and such failure shall bar you from attacking on appeal any finding or conclusion accepted and adopted by the District Judge except upon grounds of plain error.

A copy of these proposed findings of fact and recommendations shall be sent to the registrant of the Domain Name at Offshore Incorporations Centre, Attn: Mr. Richard A. Peters, P.O. Box 957, Road Town, Tortola, British Virgin Islands.

Entered this 24th day of August, 2012.

/s/ John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia